UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HASHMATULLAH WAZIRY,

                                Plaintiff,

v.                                                   Case No. 23-CV-06395-FPG

                                                   DECISION AND ORDER

SHIRBAHADAR FNU,

                                Defendant.
_____

## INTRODUCTION

Plaintiff Hashmatullah Waziry ("Plaintiff") brings this breach of contract and fraud action against Defendant Shirbahadar Fnu ("Defendant") under 28 U.S.C. § 1332. ECF No. 1. Defendant has moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim. ECF No. 15. As explained below, Plaintiff's complaint may be dismissed, but Plaintiff is granted leave to amend his complaint. Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART. If Plaintiff does not file an amended complaint by the deadline ordered below, Plaintiff's complaint will be dismissed without prejudice.

## BACKGROUND[1]

On or about February 10, 2022, Defendant "agreed to get [Plaintiff] a semi-truck through his [trucking] company (Galaxy Cargo, Inc.)." ECF No. 1 at 4. Defendant resides in North Carolina, where his company is based, and Plaintiff resides in Rochester, New York. *Id.* at 1-3. Plaintiff sent Defendant $40,000 as a down payment for the truck, and Defendant purchased it

---

[1] Courts evaluating a motion to dismiss must accept facts alleged in the complaint as true and draw all reasonable inferences from those facts in favor of the non-moving party. *Nat'l Fed. of the Blind v. Scribd Inc.*, 97 F. Supp. 3d 565, 567 (D. Vt. 2015). As such, the facts below are taken from Plaintiff's complaint and accepted as true.

through the company. *Id*. Plaintiff started driving the truck, but it began having mechanical issues. *Id*. Plaintiff raised the truck's mechanical issues with Defendant, but Defendant said that Plaintiff had to fix the truck because the truck was Plaintiff's. *Id*. Plaintiff then requested ownership documents for the truck to find out who owned it. *Id*.

In August 2022, Plaintiff learned that the truck was not in his name, and that Defendant had title to it. *Id*. at 5. Plaintiff wanted to "find a solution" with Defendant, but Defendant took possession of the truck and the flatbed trailer attached to it. *Id*. Plaintiff contacted Defendant and asked for his money back, but Defendant claimed Plaintiff owed him "around $50,000[.]" *Id*. Plaintiff sent an email asking for his money back, but Defendant threatened to sue him. *Id*.

Plaintiff is seeking $40,000 in damages for the money he spent on the truck, $4,630 for "material[s] for [the] semi truck and trailer rent[al]," $10,253 in lost wages, and $320,000 in lost profits that accrued while the truck was inoperable for approximately sixteen months, for a total of $375,883. ECF No. 1 at 4. Plaintiff alleges that Defendant is "using [his] money on his truck[.]" *Id*. Plaintiff appears to assert claims for breach of contract, fraud, "violating civil rights, "violating labor rights," and emotional distress. ECF No. 1 at 1.

**LEGAL STANDARD**

**A. Rule 12(b)(1)**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "Congress has granted district courts original jurisdiction over . . . certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013). "A party invoking the jurisdiction of the federal court has the burden

of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (internal quotation marks omitted).

Courts recognize "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Id.* To overcome that presumption, the party opposing jurisdiction must show "to a legal certainty" that the amount recoverable falls short of the jurisdictional threshold. *Id.* That is, "the defendant must show that the complaint 'was so patently deficient as to reflect to a legal certainty that [the plaintiff] could not recover the amount alleged or that the damages alleged were feigned to satisfy jurisdictional minimums.'" *Colavito v. New York Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (quoting *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999)). Accordingly, even where the allegations leave "grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted." *Feitosa v. Keem*, No. 22-CV-377, 2023 WL 2267055, at *3 (W.D.N.Y. Feb. 28, 2023) (quoting *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982)).

**B.  Rule 12(b)(6)**

To survive a Rule 12(b)(6) challenge, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). A district court must accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Vietnam Ass'n for Victims of Agent Orange*

3

*v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008). In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (quotation marks omitted).

When deciding a motion under Rule 12(b)(6), a court ordinarily may not rely on matters outside the pleadings. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). For the purposes of this rule, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam)); *see also* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

### C. Leave to Amend

Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (internal quotation marks omitted). But leave to amend pleadings may be denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Although "a court is obliged to construe [*pro se*] pleadings liberally," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

**DISCUSSION**

Defendant moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. *See* ECF No. 13-1. Defendant argues that Plaintiff has failed to adequately plead the amount in controversy requirement and that Plaintiff has failed to plausibly allege any claim asserted in his complaint. *Id*. at 8-14. For the reasons below, Defendant's motion is granted in part and denied in part, and Plaintiff is granted leave to amend aspects of his complaint.

**A. Rule 12(b)(1)**

Defendant argues that Plaintiff has failed to plausibly allege that the amount-in-controversy exceeds the statutory minimum of $75,000. ECF No. 13-1 at 5-8.[2] The Court disagrees.

At this stage of the proceedings, Plaintiff must demonstrate only that "it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Scherer*, 347 F.3d at 397 (internal quotation marks omitted). And, unless Defendant can show "to a legal certainty" that the amount recoverable falls short of the jurisdictional threshold, the Court presumes "that the face of the complaint is a good faith representation of the actual amount in controversy." *Id*.

Plaintiff's complaint alleges that he has suffered $40,000 in damages for the amount he paid Defendant for the truck, $4,630 for "material[s] for [the] semi truck and trailer rent[al]," and $10,253 in lost wages, which amounts to $54,883. ECF No. 1 at 4. Plaintiff has attached a bank record to his complaint, which appears to show that Plaintiff paid Defendant's company $40,000 in February 2022. *Id*. at 8 (detailing transaction). Assuming Plaintiff's remaining estimations are

---

[2] Defendant does not dispute whether Plaintiff has adequately alleged diversity of citizenship between the parties. *See generally* ECF No. 13-1 at 5-8. Based on the allegations in Plaintiff's complaint, the Court assumes that there is "'complete' diversity among the parties," under 28 U.S.C. § 1332(a). *U.S. Bank Tr., N.A. v. Dupre*, No. 15-CV-558, 2016 WL 5107123, at *2 (N.D.N.Y. Sept. 20, 2016) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996)).

plausibly alleged, Plaintiff remains $20,118 below the statutory minimum, absent the $320,000 in lost profits he claims he accrued while the truck was damaged. *Id*. Currently, Plaintiff's complaint does not plausibly allege that he suffered $320,000 in lost profits as a result of Defendant's alleged misconduct, but the Court finds that Plaintiff has established a "reasonable probability" that he suffered damage in the amount of at least $20,118 in lost profits as a result of the truck's inoperability for approximately sixteen months. *Scherer*, 347 F.3d at 397. Few factual allegations are presented in support of Plaintiff's overall estimate in his complaint, but the Court determines that Defendant has not shown to a "legal certainty" that the amount recoverable falls short of the jurisdictional threshold. *Wolde–Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999).

In his response to Defendant's motion to dismiss, Plaintiff states that the "damages requested represents the estimated lost income Plaintiff could have earned from the truck's operation over the past 22 months, further supported by attached documents showcasing potential earnings in the trucking industry."[3] ECF No. 15 at 1. Despite this assertion, the basis for this estimate is not ascertainable from Plaintiff's attachments to his opposition memorandum, and the Court is confined to the allegations in Plaintiff's complaint because "it is axiomatic that a complaint cannot be amended by the briefs in opposition to a motion to dismiss." *Sibley v. Watches*, 460 F. Supp. 3d 302, 317 (W.D.N.Y. 2020) (quotations omitted); *Palmer v. Safetec of Am., Inc.*, No. 11-CV-00702A(F), 2012 WL 2994060, at *11 n. 7 (W.D.N.Y. May 31, 2012) ("[T]he allegations contained in Plaintiff's Response cannot correct the deficiencies of his

---

[3] The Court presumes that this 22-month figure is calculated from the date the alleged transaction occurred, February 10, 2022, and the date of the filing of Plaintiff's opposition memorandum, January 8, 2024. Plaintiff does not explain how the time which has passed between the filing of the complaint (which described a period of approximately 16 months) and that memorandum may impact his alleged "lost profits" damages. Nevertheless, the amount in controversy is measured from the time at which the complaint was filed. *See Windward Bora, LLC v. Ortiz*, No. 21-CV-4154, 2022 WL 3648622, at *3 (E.D.N.Y. July 5, 2022)

Complaint."). In any event, Plaintiff has plausibly alleged an amount recoverable which exceeds $75,000. Defendant's motion to dismiss is denied in this regard.

**B. Rule 12(b)(6)**

Defendant argues that Plaintiff has failed to state a claim for fraud, breach of contract, "civil rights," "labor rights," or emotional distress. ECF No. 13-1 at 8-14; *see* ECF No. 16 at 5-9. Plaintiff does not oppose dismissal of the "civil rights" claim he appeared to assert in his complaint. *See* ECF No. 15 at 2-4 ("plaintiff respectfully requests [removal of] the civil rights claim from the action."). Accordingly, that claim is dismissed. For the reasons set forth below, Plaintiff is granted leave to replead his fraud and breach of contract claims.[4] Plaintiff's "labor rights" and "emotional distress" claims are dismissed. The parties do not dispute that New York law applies to this diversity action.

**1. Fraud**

Defendant argues that Plaintiff's fraud claim should be dismissed for failure to state a claim and failure to comply with Federal Rules of Civil Procedure 8 and 9(b). ECF No. 13-1 at 9-10. Plaintiff has failed to adequately allege this claim, but is granted leave to amend.

Under New York law, a fraud claim has five elements: "(1) a material misrepresentation or omission of fact; (2) made by defendant with knowledge of its falsity; (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff." *Crigger v. Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006). If a plaintiff "seeks to show fraud by omission, it must prove additionally that the [defendant] had a duty to disclose the concealed

---

[4] Plaintiff's opposition memorandum appears to cite federal criminal statutes as a basis for this action, *see* ECF No. 15 at 2-4 ("Federal Wire Fraud Statute (18 U.S.C. § 1343)"), but the Court will not address any such claim because criminal statutes do not authorize a private right of action. *See Jones v. Bell Enterps., Inc.*, 781 F. Supp. 483, 484 (E.D. Tex. 1991); *see also Schowengerdt v. Gen. Dynamics Corp.*, 823 F.2d 1328, 1340, n. 20 (9th Cir. 1987); *Hill v. Sands*, 403 F. Supp. 1368, 1370 (N. D. Ill. 1975) (explaining that "plaintiffs [in a civil action] are not the proper parties to enforce a federal criminal statute").

fact." *Merrill Lynch & Co. v. Allegheny Energy, Inc*., 500 F.3d 171, 181 (2d Cir. 2007).  New York law recognizes such a duty "where the party to be charged has superior knowledge or means of knowledge, such that the transaction without disclosure is rendered inherently unfair." *Miele v. Am. Tobacco Co*., 770 N.Y.S.2d 386, 391 (2d Dep't 2003); *see also Abrams v. Gen. Motors Corp*., 466 N.Y.S.2d 124, 127 (Sup. Ct. 1983) ("If one party has superior knowledge or has a means of knowledge not available to both parties, then he is under a legal obligation to speak and silence would constitute fraud.").

Plaintiff must plead "with particularity the circumstances" that constitute the basis for a fraud claim.  Fed. R. Civ. P. 9(b).  Accepting Plaintiff's well-pled allegations as true, *United States ex rel. Chorches v. Am. Med. Response, Inc*., 865 F.3d 71, 81 (2d Cir. 2017), Plaintiff's claims must satisfy a four-part test.  *See United States ex rel. Ladas v. Exelis, Inc*., 824 F.3d 16, 25 (2d Cir. 2016); *Shields v. Citytrust Bancorp, Inc*., 25 F.3d 1124, 1127-28 (2d Cir. 1994).  First, the complaint must "specify the statements that the plaintiff contends were fraudulent[.]" *Chorches*, 865 F.3d at 81.  Second, Plaintiff must "identify the speaker[.]" *Id*.  Third, Plaintiff must "state where and when the statements were made[.]" *Id*.  And fourth, Plaintiff must "explain why the statements were fraudulent." *Id*.; *see Capax Discovery, Inc. v. AEP RSD Invs., LLC*, 285 F. Supp. 3d 579, 586 (W.D.N.Y. 2018).

Here, Plaintiff's complaint does not plausibly allege a fraud claim.  *See* ECF No. 1 at 2-3 (conclusory allegation of "fraud").  Viewing the allegations in Plaintiff's opposition memorandum in the light most favorable to him, however, and despite Plaintiff's apparent attempt to amend "in opposition to a motion to dismiss[,]" the Court concludes that providing Plaintiff leave to amend would not be futile.  *Sibley*, 460 F. Supp. 3d at 317.

According to the complaint, on or about February 10, 2022, Defendant "agreed to get [Plaintiff] a semi-truck through his [trucking] company (Galaxy Cargo, Inc.)." ECF No. 1 at 4. Plaintiff sent Defendant $40,000 as a down payment, and Defendant bought the truck. *Id*. After the truck experienced mechanical issues, Defendant insisted that Plaintiff repair the truck because the truck was Plaintiff's. *Id*. Defendant took possession of the truck. *Id*. Plaintiff learned that the truck was not in his name, and asked for his money back, but Defendant refused to return the money. *Id*.

Plaintiff's opposition memorandum tells a different story, but with some shared allegations. Plaintiff alleges that he was promised profit sharing in Defendant's business, and that Defendant purchased the truck with Plaintiff's funds, but refused to transfer ownership or share profits with Plaintiff. ECF No. 15 at 1-2. Plaintiff alleges that he "invested" $40,000 in Defendant's business with the "explicit promise of equal profit sharing[,]" but Defendant purchased the truck with that money, registered it in Defendant's name, and "kept all profits generated from its use." *Id*. at 1. "While claiming the truck is now under Plaintiff's name, Defendant continues to hold the title and retain all profits." *Id*. at 2. "Plaintiff invested capital and was assured of receiving equal partnership profits." *Id*.

Absent a single, unified narrative of the dispute, the Court is disinclined to parse each allegation Plaintiff presents, and need only, at this juncture, conclude that granting Plaintiff leave to amend his complaint would not be futile to resolve the present motion. Viewing the allegations presented in the light most favorable to Plaintiff, Plaintiff appears to allege that Defendant materially misrepresented the nature of the business relationship in which they entered, and did so knowingly, with intent to defraud Plaintiff. *See Crigger*, 443 F.3d at 234. Specifically, Plaintiff appears to allege that he paid Defendant $40,000 for the truck, relying on Defendant's promise of

profit sharing in his business, or some ownership of the truck, but received neither.[5]  The Court expresses no view as to whether an amended complaint would survive a Rule 12(b)(6) motion to dismiss, but need only conclude that leave to amend would not be futile at this time.

If Plaintiff files an amended complaint, Plaintiff must plead "with particularity the circumstances" of his fraud claim.  Fed. R. Civ. P. 9(b).  At this juncture, neither Plaintiff's complaint, nor his opposition, "specify the statements that the plaintiff contends were fraudulent" or precisely "why the statements were fraudulent."  *Chorches*, 865 F.3d at 81.  Plaintiff has adequately "identif[ied] the speaker," Defendant, and "when the statements were made[,]" on or about February 10, 2022, but not "where" they were made, or the factual circumstances under which they were made.  *Id.*; *see Capax Discovery, Inc.*, 285 F. Supp. 3d at 586.  Accordingly, Plaintiff is granted to leave to amend his complaint, and Defendant's motion to dismiss is denied in this regard.

**2. Breach of Contract**

Defendant argues that Plaintiff has failed to plausibly allege a breach of contract claim.  ECF No. 16 at 5-7.  Plaintiff has failed to plausibly allege this claim, but is granted leave to replead.

Under New York law, "there are four elements to a breach of contract claim: (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages."  *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 188-89 (S.D.N.Y. 2011) (internal quotation marks omitted).

---

[5] With respect to damages, "New York measures damages in fraud cases based on the out-of-pocket loss suffered by plaintiff, but does not include lost profits[,]" as Plaintiff appears to be seeking in the amount of $320,000.  *Whitney Holdings, Ltd. v. Givotovsky*, 988 F. Supp. 732, 736 (S.D.N.Y. 1997); *Busrel Inc. v. Dotton*, No. 1:20-CV-1767, 2021 WL 2980494, at *15 (W.D.N.Y. July 15, 2021); *see also In re Eugenia VI Venture Holdings, Ltd. Litig.*, 649 F. Supp. 2d 105, 121 (S.D.N.Y. 2008), *aff'd sub nom. Eugenia VI Venture Holdings, Ltd. v. Glaser*, 370 F. App'x 197 (2d Cir. 2010) (summary order) (holding that a plaintiff failed to state a claim for fraud because it failed to allege pecuniary loss and "[u]nder the out-of-pocket rule, there can be no recovery of profits which would have been realized in the absence of fraud" (internal quotation marks omitted)).

"A breach of contract claim 'that fails to allege facts sufficient to show that an enforceable contract existed between the parties is subject to dismissal.'" *DeMarle v. Videk, Inc.*, No. 6:22-CV-06426 EAW, 2023 WL 4138880, at *6 (W.D.N.Y. June 20, 2023) (quoting *Fuji Photo Film U.S.A., Inc. v. McNulty*, 669 F. Supp. 2d 405, 412 (S.D.N.Y. 2009)). "To show that an enforceable contract existed, the claimant must plead facts surrounding the formation of the contract such as the date the parties entered into the contract, the major terms of the contract, the parties to the contract, and that the party to be bound assented to the contract." *Fuji Photo Film U.S.A., Inc.*, 669 F. Supp. 2d at 412; *see Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008).

Here, Plaintiff's complaint and opposition memorandum suffer from some of the same deficiencies that were present with respect to his fraud claim. *See* ECF Nos. 1, 15. Again, however, viewing the allegations in Plaintiff's opposition memorandum in the light most favorable to him, and setting aside his attempt to amend "in opposition to a motion to dismiss[,]" the Court concludes that providing Plaintiff leave to amend would not be futile. *Sibley*, 460 F. Supp. 3d at 317.

Defendant "agreed to get [Plaintiff] a semi-truck through his [trucking] company (Galaxy Cargo, Inc.)[,]" on or about February 10, 2022. ECF No. 1 at 4. Plaintiff sent Defendant $40,000 for the truck, which Defendant bought. *Id*. Plaintiff was promised profit sharing in Defendant's business, and Defendant allegedly purchased the truck with Plaintiff's funds, but refused to transfer ownership or share profits. ECF No. 15 at 1-2. Plaintiff alleges that he "invested" $40,000 in Defendant's business with the "explicit promise of equal profit sharing[,]" but Defendant purchased the truck with that money, registered it in Defendant's name, and "kept all profits generated from its use." *Id*. at 1.

Plaintiff adequately alleges some, but not all, elements of a breach of contract claim with the "requisite specificity" to avoid dismissal. *Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008). Plaintiff has alleged facts as to the date the parties entered into the contract (February 2022), some major terms of the contract (Plaintiff's share in ownership of the truck and equal profits in Defendant's business), and the parties to the contract (Plaintiff and Defendant). *See* ECF Nos. 1, 15. Plaintiff fails to allege whether the alleged February 2022 agreement was oral or written, which is not an insignificant deficiency because the Court cannot determine, from Plaintiff's allegations, whether or how Defendant may have "assented to the contract." *Fuji Photo Film U.S.A., Inc.*, 669 F. Supp. 2d at 412. Plaintiff alleges only that he and Defendant "agreed," and these allegations lack the requisite specificity as to the circumstances of such an agreement. *See Grayson v. Ressler & Ressler*, 271 F. Supp. 3d 501, 521 (S.D.N.Y. 2017) (dismissal appropriate where plaintiff alleged, *inter alia*, that parties agreed to "work together"). "[F]or a contract to be valid, the agreement between the parties must be definite and explicit so their intention may be ascertained to a reasonable degree of certainty." *Cambridge Cap. LLC v. Ruby Has LLC*, 675 F. Supp. 3d 363, 439 (S.D.N.Y. 2023) (citation omitted). There must be evidence of a meeting of the minds on all materials terms and a standard by which a party can know its contractual obligations and a court can enforce them. *See Starke v. SquareTrade, Inc.*, 913 F.3d 279, 288-89 (2d Cir. 2019) ("It is a basic tenet of contract law that, in order to be binding, a contract requires a 'meeting of the minds' and 'a manifestation of mutual assent.' The manifestation of mutual assent must be sufficiently definite to assure that the parties are truly in agreement with respect to all material terms." (citations omitted)).

Because Plaintiff's allegations do not "raise a right to relief above the speculative level[,]" Plaintiff's claim may be dismissed. *Mayor & City Council of Baltimore, Md. v. Citigroup, Inc.*,

709 F.3d 129, 135 (2d Cir. 2013) (citing *Twombly*, 550 U.S. 544, 555 (2007)). Still, as stated, Plaintiff will be permitted to amend his complaint, and to present a single, unified narrative of the alleged misconduct in this action.

### 3. Labor Rights

Plaintiff does not identify, in his complaint or opposition memorandum, the legal basis for a "labor rights" claim, under federal or New York law. *See generally* ECF Nos. 1, 15. Because the Court can discern no basis for such a claim, beyond Plaintiff's assertion that his "labor rights" have been violated, this claim is properly dismissed.

### 4. Emotional Distress

Defendant argues that a claim for "emotional distress" must be dismissed because Plaintiff's allegations are insufficient to state a claim for either intentional infliction of emotional distress ("IIED") or negligent emotional distress ("NIED"). ECF No. 13-1. The Court agrees, and concludes that permitting amendment of Plaintiff's complaint would be futile in this regard.

Plaintiff asserts in his complaint that he suffered "emotional distress[,]" ECF No. 1 at 1, and elaborates on this claim in his opposition memorandum, stating, *inter alia*, that he "suffered immense emotional strain and mental anguish" and "constant stress and uncertainty" from Defendant's alleged misconduct. ECF No. 15 at 1-2. Plaintiff does not state the legal theory of relief he is pursuing, but his allegations are insufficient to warrant relief under either available theory.

#### A. IIED

To state a claim for IIED under New York law, a plaintiff must plead: "(1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury;

13

and (4) severe emotional distress." *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir. 1999). "These requirements, especially that of extreme and outrageous conduct, 'are rigorous and difficult to satisfy.'" *Moraes v. White*, 571 F. Supp. 3d 77, 104 (S.D.N.Y. 2021) (quoting *Howell v. N.Y. Post Co.*, 81 N.Y.2d 115 (1993)). IIED is a "highly disfavored [tort] under New York law." *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 158 (2d Cir. 2014); *see also Sesto v. Slaine*, 171 F. Supp. 3d 194, 202 (S.D.N.Y. 2016) (noting that IIED claims are frequently dismissed on pre-answer motion). The alleged misconduct must be "so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Martin v. Citibank, N.A.*, 762 F.2d 212, 220 (2d Cir. 1985).

"Whether the conduct alleged may reasonably be regarded as so extreme and outrageous as to permit recovery is a matter for the court to determine in the first instance." *Stuto*, 164 F.3d at 827. Conduct may be "extreme and outrageous" where "there is a deliberate and malicious campaign of harassment or intimidation." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 122-23 (2d Cir. 2019) (quoting *Scollar v. City of New York*, 160 A.D.3d 140 (1st Dep't 2018)); *see Seltzer v. Bayer*, 272 A.D.2d 263 (1st Dep't 2000) ("Those few claims of intentional infliction of emotional distress that have been upheld by this court were supported by allegations detailing a longstanding campaign of deliberate, systematic and malicious harassment of the plaintiff.").

Accepting as true the allegations in Plaintiff's complaint and viewing the facts in the light most favorable to him, Plaintiff has failed to allege that Defendant engaged in "extreme and outrageous" conduct which goes "beyond all possible bounds of decency" as to be "regarded as atrocious, and utterly intolerable in a civilized society." *Martin*, 762 F.2d at 220. No allegations would support such a claim, and further amendment would be futile. Accordingly, to the extent Plaintiff raises an IIED claim, such a claim is dismissed.

### B. NIED

To the extent Plaintiff asserts a NIED claim, Defendant argues that such a claim must be dismissed. *See* ECF No. 13-1 at 13. The Court agrees. A cause of action to recover damages for NIED must "be premised upon a breach of a duty owed directly to the plaintiff which either unreasonably endangers a plaintiff's physical safety or causes the plaintiff to fear for his or her own safety." *Waterbury v. New York City Ballet, Inc.*, No. 15036, 2022 WL 1269447, at *6 (N.Y. App. Div. Apr. 28, 2022).

Here, Plaintiff has failed to allege that Plaintiff owed him a duty of care or that Defendant endangered his physical safety or caused him to fear for his own safety. *See Smith v. Vill. of Brockport*, No. 19-CV-6404 CJS, 2022 WL 597465, at *24 (W.D.N.Y. Feb. 28, 2022) (dismissing NIED claim where the record did not indicate that plaintiff suffered physical injury or threat of danger). No allegations plausibly support such a claim. Accordingly, to the extent Plaintiff asserts a claim for NIED, such a claim must be dismissed.

## CONCLUSION

The Court generally provides *pro se* plaintiffs an opportunity for leave to amend prior to dismissal. *Abbas*, 480 F.3d at 639. When Plaintiff's complaint is "liberally construe[d]," the Court cannot conclude that leave to amend would be futile. *See Cuoco*, 222 F. 3d at 112. Plaintiff is granted leave to amend his complaint to allege facts, if they exist, that may color his (i) fraud claim and (ii) breach of contract claim, as explained in this order. If Plaintiff does not file an amended complaint, in compliance with Federal Rules of Civil Procedure 8, 9(b), and 10, by **June 17, 2024**, Plaintiff's complaint will be dismissed without prejudice and the Clerk of Court will close this case without further order.

For the foregoing reasons, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

Dated: May 24, 2024
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York