UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Hashmatullah Waziry,

                                Plaintiff,

v.

                                Case # 23-CV-6395-FPG

                                DECISION AND ORDER

Shirbahadar Fnu,

                                Defendant.

## INTRODUCTION

*Pro se* Plaintiff Hashmatullah Waziry has filed an amended complaint in this breach-of-contract and fraud action against a former business associate, Defendant Shirbahadar Fnu. ECF No. 18. Now before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 20. Plaintiff opposes the motion. ECF No. 22. For the following reasons, Defendant's motion is GRANTED IN PART.

## LEGAL STANDARD

A complaint will survive a motion to dismiss under Rule 12(b)(6) when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89,

1

95 (2d Cir. 2007). "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a motion to dismiss . . . if the defense appears on the face of the complaint." *Brightman v. Physician Affiliate Grp. of N.Y., P.C.*, No. 20-CV-4290, 2021 WL 1999466, at *5 (S.D.N.Y. May 19, 2021) (internal quotation marks and citation omitted).

## BACKGROUND

The following facts are taken both from the amended complaint and from the original complaint, which Plaintiff incorporates by reference. *See* ECF No. 18 at 1. In reciting Plaintiff's allegations, the Court liberally construes the amended and original complaints. *See Abadi v. NYU Langone Health Sys.*, 714 F. Supp. 3d 387, 391 (S.D.N.Y. 2024).

In February 2022, Plaintiff and Defendant orally entered into a business arrangement. Plaintiff would provide $40,000, and Defendant would provide $20,000, as a down payment on a commercial truck. ECF No. 18 at 8. The truck would be purchased through an entity controlled by Defendant—Galaxy Cargo Inc.—after which ownership would be transferred to Plaintiff. *See id.* at 1, 4; ECF No. 1 at 4. To repay Defendant, Plaintiff would provide commercial hauling services under the auspices of Galaxy Cargo. *See* ECF No. 18 at 1, 4-6, 10; ECF No. 1 at 4.

The truck was purchased and Plaintiff began using it to perform hauling services. *See* ECF No. 18 at 10-11. In August 2022, Plaintiff learned that title to the truck remained in the name of Galaxy Cargo and had not been transferred to him. *See id.* at 1. Defendant thereafter refused to transfer title to the truck to Plaintiff. Instead, Defendant withheld the title on the false basis that Plaintiff owed him additional charges associated with his work with Galaxy Cargo. *Id.* at 10. Defendant also used his retention of the title to compel Plaintiff to continue working for Galaxy Cargo. *See id.* at 7 (threatening to report the truck as "stolen" and demanding that Plaintiff "[p]ut

[his] ass in [the] truck and start working instead of making excuses"). Ultimately, Defendant "repossessed" the truck without Plaintiff's knowledge. *See* ECF No. 1 at 5.

## DISCUSSION

Plaintiff brings claims for breach of contract and fraud. ECF No. 18 at 1. Defendant alleges that both claims must be dismissed. The Court analyzes each claim below.

### I. Breach of Contract

"Under New York law, there are four elements to a breach of contract claim: (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages."[1] *DeMarle v. Videk, Inc.*, 678 F. Supp. 3d 353, 361 (W.D.N.Y. 2023) (internal quotation marks omitted). "New York law permits oral contracts," so long as there is "a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms." *Optionality Consulting Pte. Ltd. v. Nekos*, No. 18-CV-5393, 2019 WL 4523469, at *4 (S.D.N.Y. Sept. 18, 2019).

Plaintiff has adequately alleged all four elements with sufficient specificity. First, Plaintiff alleges that, in exchange for Defendant's assistance with the purchase of a truck, Plaintiff would repay him by performing hauling services under the auspices of Defendant's company, Galaxy Cargo. Second, Plaintiff has sufficiently alleged that he performed and/or was willing to perform, insofar as he paid $40,000 towards the truck and was actively working for Galaxy Cargo at the time Defendant refused to transfer title and repossessed the truck. Third, he alleges that Defendant breached this agreement by refusing to transfer ownership of the truck to Plaintiff and by repossessing the truck once Plaintiff discovered the breach. Fourth, Plaintiff sufficiently alleges a variety of damages resulting from Defendant's breaches. *See* ECF No. 18 at 2.

---

[1] The parties do not dispute that New York law applies to the alleged oral agreement. *See Korpak, Ltd. v. Williams Lea Inc.*, No. 20-CV-6880, 2022 WL 375543, at *4 n.3 (S.D.N.Y. Feb. 7, 2022).

In arguing that the amended complaint is insufficient, Defendant relies on Plaintiff's admission that he does not have a full understanding of what occurred during this business relationship. *See* ECF No. 20-1 at 8; *see also* ECF No. 18 at 1 (conceding that he needs clarification "regarding [his] role [in the arrangement], whether solely as a driver [or] a business partner"). The Court does not find Plaintiff's concession relevant to his pleading burden. There may indeed be alternative explanations or interpretations regarding the parties' business relationship and course of conduct, but that fact does not alter the standard that the Court must apply. *Cf. Houck v. Substitute Trustee Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015) ("To survive a motion to dismiss, a plaintiff need not demonstrate that her right to relief is probable or that alternative explanations are less likely; rather, she must merely advance her claim across the line from conceivable to plausible." (internal quotation marks omitted)). Plaintiff has articulated one plausible interpretation of the relevant facts, and that interpretation is sufficient to state a claim for breach of contract. No more is required at this early stage.

Defendant alternatively argues that the alleged oral agreement has an "indefinite duration[]" and is therefore "unenforceable under the Statute of Frauds." ECF No. 20-1 at 8. Defendant cites New York General Obligations Law § 5-701(a)(1), which provides:

> Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking . . . [b]y its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime.

"Courts in New York have construed the Statute of Frauds warily, fearing that strict application may cause more fraud than it prevents." *Darby Trading Inc. v. Shell Int'l Trading & Shipping Co.*, 568 F. Supp. 2d 329, 339 (S.D.N.Y. 2008) (internal quotation marks and brackets omitted). "Thus, the 'one year' provision of the Statute of Frauds has been interpreted to encompass only those

contracts which, by their terms, have absolutely no possibility in fact and law of full performance within one year." *Id.* (internal quotation marks omitted). "If an agreement may be fairly and reasonably interpreted to permit performance within a year, the Statute of Frauds will not bar a breach of contract action no matter how improbable it may be that performance will actually occur within that time frame." *Id.*

In this case, the agreement can be fairly and reasonably interpreted to permit performance within one year. Plaintiff was tasked with repaying Defendant in connection with the purchase of the truck. Within the first several months of using the truck, Plaintiff made tens of thousands of dollars, *see* ECF No. 18 at 10, so it is in no way implausible to conclude that the parties' arrangement could be completed within one year.

Accordingly, the Court declines to dismiss Plaintiff's claim for breach of contract.

## II. Fraud

Defendant argues that Plaintiff has failed to sufficiently allege fraud as required by Federal Rule of Civil Procedure 9(b). ECF No. 20-1 at 10-11. The Court agrees with Defendant that Plaintiff's fraud claim must be dismissed.

The crux of Plaintiff's fraud claim is that, "[f]rom day one, Defendant's intention was to commit fraud against Plaintiff." ECF No. 18 at 1. As the Court understands Plaintiff's allegations, Plaintiff asserts that Defendant never intended to perform under their oral agreement. However, under New York law, "a fraud claim that is simply a breach of contract claim in tort clothing is not cognizable." *Exchange Listing, LLC v. Inspira Techs., Ltd.*, 661 F. Supp. 3d 134, 156 (S.D.N.Y. 2023) (internal quotation marks and brackets omitted). "An allegation of fraudulent inducement may not be used as a means of restating what is, in substance, a claim for breach of contract, and general allegations that defendant entered into a contract while lacking the intent to

perform it are insufficient to support a fraud claim." *Id.* (internal quotation marks omitted).  In this case, Plaintiff merely alleges that Defendant did not intend to perform his side of the bargain at the time the agreement was made—that is, "[f]rom day one." ECF No. 18 at 1; *see also Allegany Cap. Enters., LLC v. Cox*, No. 19-CV-160, 2021 WL 1807868, at *5 (W.D.N.Y. May 6, 2021) ("A fraud-based cause of action is duplicative of a breach of contract claim when the only fraud alleged is that the defendant was not sincere when it promised to perform under the contract." (internal quotation marks omitted)).

Accordingly, Plaintiff's fraud claim is dismissed against Defendant.  That said, because Plaintiff is proceeding *pro* se and has limited "formal education," ECF No. 18 at 2, and because no discovery has taken place, the Court recognizes that the facts underlying the present dispute remain muddled.  While the Court has dismissed Plaintiff's fraud claim, this ruling should not be understood to preclude Plaintiff from moving to amend his complaint to replead his fraud claim (or add any other plausible claim for relief), should discovery reveal additional facts that would substantiate additional claims, and assuming that Plaintiff can otherwise meet the requirements of Rule 15(a).  *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.").

### III.   Appointment of Counsel

Given Plaintiff's limited education, and the complex factual questions and complicated legal doctrines that might be at issue in this dispute, the Court would entertain a motion to appoint *pro bono* counsel for Plaintiff, should he file a motion requesting such relief.  The Court notes that, in order to find appointment of counsel warranted, the plaintiff "must, as a threshold matter, demonstrate that his claim has substance or a likelihood of success on the merits." *Seymore v. City*

*of New York*, No. 11-CV-2254, 2012 WL 5519761, at *1 (S.D.N.Y. Nov. 15, 2012). "Only then can the Court consider the other factors appropriate to determination of whether counsel should be appointed: plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Id.* (internal quotation marks omitted).

## CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss (ECF No. 20) is GRANTED IN PART, insofar as the fraud claim is dismissed. The motion is otherwise denied. Defendant shall file an answer by November 15, 2024.

IT IS SO ORDERED.

Dated: October 29, 2024
       Rochester, New York

                                      HON. FRANK P. GERACI, JR.
                                      United States District Judge
                                      Western District of New York